ment to the decree, upon consideration of the case the judge passed an order denying and dismissing the said motion to amend the decree, on the ground that the clause in the verdict purporting to authorize the plaintiff "to live with W. F. Roberts and have a home with him on the premises during her life" was not authorized by the pleadings, and amounted to mere surplusage, and that the original decree could not be amended so as to carry into effect that provision of the verdict.

*J. H. Dorsey*, for plaintiff.    *Hal Lawson*, for defendant.

## PIRKLE *v*. PIRKLE.

This case came before the court for decision by a full bench; and the Justices being equally divided in opinion, Russell, C. J., and Hill and Hines, JJ., being in favor of affirmance of the judgment granting an interlocutory injunction, and Beck, P. J., and Atkinson and Gilbert, JJ., being in favor of a reversal, the judgment of the lower court is affirmed by operation of law.

No. 6303.    SEPTEMBER 12, 1928.

Petition for injunction.    Before Judge Stark.    Barrow superior court.    September 24, 1927.

*J. C. Pratt*, for plaintiff.    *R. H. Kimball*, for defendant.

## LANE, trustee, *v*. DUKE.

This case came to this court by writ of certiorari from the Court of Appeals; and being for decision by a full bench of six Justices, who are equally divided in opinion, Atkinson, Gilbert, and Hines, JJ., being in favor of affirmance, and Russell, C. J., Beck, P. J., and Hill, J., being in favor of reversal, the judgment of the Court of Appeals is affirmed by operation of law.

No. 6167.    SEPTEMBER 15, 1928.

Certiorari; from Court of Appeals.    37 *Ga. App.* 146.

*John R. L. Smith* and *Joseph LeConte Smith*, for plaintiff.
*Allen & Pottle*, for defendant.